In the Matter of the Liquidation of LAWYERS TITLE AND GUARANTY COMPANY (LUCILLE LEMBERG and Others).

Supreme Court, Additional Special Term, New York County, June 15, 1937.

*A. N. Geller* and *B. A. Saslow*, for Lucille Lemberg and others.

*Maurice Finkelstein* [*Jacob L. Holtzmann* of counsel], for the Mortgage Commission of the State of New York.

*Raphael H. Weissman*, for the Globe and Rutgers Fire Insurance Company.

FRANKENTHALER, J. This is an application by holders of mortgage investments issued and guaranteed by Lawyers Title and Guaranty Company for leave to intervene in the pending proceeding for the liquidation of said company for the purpose of submitting a plan of reorganization. The petitioners ask, also, that the court take jurisdiction over the proposed plan and designate a referee to hold hearings as to the advisability and feasibility of the plan and any modifications or amendments thereof which may be desirable and proper and/or as to any alternative plans which may be submitted to the referee.

At the hearing of the present application there was practically unanimous agreement that the present motion ought to be granted. Counsel for the Mortgage Commission was among those who urged the court to take jurisdiction of the proposed plan and appoint a referee to consider the plan and any amendments or modifications thereof or other plans which might be proposed or submitted to the referee, saying: " I think your Honor in his wisdom made a very wise decision in the New York Title Company when you said, ' Yes, send it to a Referee, but the only expense I will allow is the expense of the Referee and actual disbursements in connection with the matter and there will be no allowances for attorneys until and unless something is worked out.' I think that is the way to go about it, and the Commission strongly urges upon your Honor to follow the precedent you have established in the other case." The attorney for the Superintendent of Insurance stated that " The Superintendent has no earthly objection and in fact consents to the acceptance of or the assumption of jurisdiction by this court." He suggested, however, that the possibilities of a successful reorganization be first explored in conferences between the various parties in interest and the Deputy Superintendent of Insurance prior to the holding of hearings before a referee. With this qualification the Superintendent of Insurance consented to the granting of the application.

The views expressed by this court in granting a similar application affecting the New York Title and Mortgage Company (*Matter of New York Title & Mortgage Company* [*Creditors' Committee*], 163 Misc. 353) are equally applicable here: " Efforts to arrive at a more desirable plan through preliminary conferences between creditors, stockholders and the Insurance Department would

entail many months' delay, with little prospect of success. As counsel for the Mortgage Commission pointed out at the hearing, it is necessary, as a prerequisite to the formulation of a plan of reorganization, to ascertain the underlying facts and ' the only real way of ascertaining the facts is by a development of the facts at a judicial hearing.' * * * It is the court's belief that no useful purpose can be served under the circumstances by holding preliminary conferences. The prospects for working out a successful plan of reorganization in the near future will be much greater if a referee is appointed, forthwith, to investigate the facts and the possibility of a reorganization and to hear and report on the suggestions made by the various parties involved. This procedure has met with success in previous reorganization proceedings before this court, such as that of *Matter of Union Guarantee & Mortgage Co.* (161 Misc. 882) and *Matter of Lawyers Mortgage Co.* (158 id. 579). The expenses involved in connection with the reference will be the fee of the referee, the cost of the stenographer's minutes and the actual cost of printing, mailing and publishing notices to creditors and stockholders. No other allowances are to be made unless the efforts to achieve reorganization prove successful."

The motion is granted. Settle order.